UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WABTEC CORPORATION, : | |
| : | **Complaint** |
| Plaintiff, : | Court No. 1:23-cv-00161 |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

# COMPLAINT

Plaintiff Wabtec Corporation ("Wabtec") by and through undersigned counsel, hereby files this Complaint and states as follows.

## ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff seeks review of the final determination of the U.S. Department of Commerce, International Trade Administration's ("Commerce") countervailing duty ("CVD") determination, which was published as *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 88 Fed. Reg. 32,184–32,187 (May 19, 2023) ("*Final Determination*"), with an accompanying Issues and Decision ("I&D") Memorandum, and became effective upon publication of *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Countervailing Duty Order*, 88 Fed. Reg. 45,135–45,138 (July 14, 2023) ("*CVD Order*").

## JURISDICTION

2. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II), 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

1

## STANDING OF PLAINTIFF

3. Wabtec is a U.S. importer of freight rail couplers. Wabtec is thus an interested party under Section 771(9)(A) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1677(9)(A).

4. Wabtec participated in Commerce's CVD investigation of certain freight rail couplers and parts thereof ("FRCs") from the People's Republic of China that resulted in the challenged *Final Determination* and, therefore, is a "party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(c); *see* 19 U.S.C. § 1516a(a)(d).

## TIMELINESS OF THE ACTION

5. Section 1516a(a)(2)(A) of the Act requires that, in actions challenging Commerce's determinations pursuant to section 1516A(a)(2)(B)(i) regarding CVD investigations, the Summons must be filed within 30 days of the date of publication in the *Federal Register* of the *CVD Order*. 19 U.S.C. § 1516a(a)(2)(A)(i)(II). Commerce published the *CVD Order* on FRCs from China on July 14, 2023.

6. This action was commenced within 30 days of the date of publication of the *CVD Order* through the filing of a Summons on August 14, 2023. Dkt. 1. The Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A) and U.S. Court of International Trade Rule 3(a)(2).

## STATEMENT OF FACTS

### Procedural History

7. On September 29, 2021, the Coalition of Freight Coupler Producers ("Petitioner"), then-consisting of McConway and Torley, LLC ("M&T") and Amsted Rail Co., Inc. ("Amsted"), domestic producers of FRCs, filed a petition requesting an investigation into imports of FRCs from China ("*FRC I*"). *See generally* Petition, *Freight Rail Coupler Systems and Components Thereof from The People's Republic of China*, C-570-144 (Sept. 29, 2021). Shortly after filing the petition,

|     | |
| --- | --- |
|     | Amsted withdrew from the petitioner coalition and the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") was added to the petition. |
| 8.  | The class or kind of merchandise subject to the petition was freight rail coupler systems and four major components thereof: knuckles, coupler bodies, coupler yokes, and follower blocks ("Subject FRC I Imports"). *Id.* |
| 9.  | In March 2022, after affirmative preliminary determinations by Commerce and the Commission, provisional ADD/CVD were imposed on Subject FRC I Imports from China. *Freight Rail Coupler Systems and Components from China: Preliminary Affirmative Countervailing Duty Determination*, 87 Fed. Reg. 12,662–12,664 (Dep't of Commerce, Mar. 7, 2022); *Freight Rail Coupler Systems and Components from China: Preliminary Affirmative Determination of Sales at Less-Than-Fair Value*, 87 Fed. Reg. 14,511–14,514 (Dep't of Commerce, Mar. 15, 2022). |
| 10. | Subsequently, on July 5, 2022, the Commission issued a unanimous negative injury determination. *Freight Rail Coupler Systems and Components From China: Determination*, 87 Fed. Reg. 41,144–41,145 (Int'l Trade Comm'n, July 11, 2022); *see also* Voting Sheet, *Freight Rail Coupler Systems and Components From China*, Inv. Nos. 701-TA-670 and 731-TA-1570 (Final) (Int'l Trade Comm'n, June 14, 2022). The Commission's investigation focused on the period from 2019 to 2021 and found that "an industry in the United States is not materially injured or threatened with material injury by reason of subject imports from China" that are sold in the United States. *Id.* The public version of the Views of the Commission are contained in *Freight Rail Coupler Systems and Components from China*, Inv. Nos. 701-TA-670 and 731-TA-1570 (Final), USITC Pub. 5331 (July 2022) ("*FRC I Determination*"). |
| 11. | The Commission published a notice of its final determination in the *Federal Register* on July 11, |

2022. *Freight Rail Coupler Systems and Components From China: Determination*, 87 Fed. Reg. 41,144–41,145 (Int'l Trade Comm'n, July 11, 2022).

12. After the final determination was published, Commerce issued instructions to Customs and Border Protection advising that the investigations had been "terminated." Liquidation Instructions - Termination, *Freight Rail Coupler Systems and Components from China*, Inv. C-570-144 (Dep't of Commerce, Aug. 9, 2022) (Barcode: 4272806-01); Liquidation Instructions - Termination, *Freight Rail Coupler Systems and Components from China*, Inv. A-570-143 (Dep't of Commerce, Aug. 5, 2022) (Barcode: 4271905-01).

13. Petitioner did not appeal or seek judicial review of these decisions.

14. Instead, on September 28, 2022, the same coalition led by M&T filed a new petition with Commerce and the Commission claiming in part that a countervailable subsidiary was being provided to producers and exporters of FRCs from China sold in the United States. *See generally* Petition, *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China*, Inv. No. C–570–146 (Sept. 28, 2022) ("*FRC II*").

15. The class or kind of merchandise subject to the *FRC II* petition included knuckles, coupler bodies, and combinations of knuckles and coupler blocks, known as "fits" or "assemblies" ("Subject FRC II Imports"). These products had been subject to and the primary focus of the Commission's material injury investigation in *FRC I*.

16. On October 18, 2022, based on the allegations in the petition, Commerce initiated a CVD investigation of FRCs from China. *See Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Initiation of Countervailing Duty Investigation,* 87 Fed. Reg. 64,440–64,444 (Dep't of Commerce, Oct. 25, 2022) ("Initiation Notice").

17. In the Initiation Notice, Commerce adopted scope language designed to include coupler parts

"that have been further processed or further assembled, *including those coupler parts attached to a railcar in third countries.*"  *Id.* (emphasis added); *see also id.* ("Subject freight railcar couplers and parts are included within the scope … whether mounted or unmounted, or if joined with nonsubject merchandise, such as other nonsubject parts or a completed railcar.").

18. On November 17, 2022, interested parties, including Wabtec, filed comments on the proposed scope of the countervailing duty investigation. Commenters urged Commerce to revise the scope to remove the language purporting to cover FRCs attached to railcars.

19. On February 27, 2023, Commerce made its preliminary determination in the CVD investigation of FRCs from China. *See Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination and Preliminary Affirmative Critical Circumstances Determination*, 88 Fed. Reg. 13,425–13,428 (Dep't of Commerce, Mar. 3, 2023). Commerce preliminarily determined that countervailable subsidies were being provided to producers and exporters of FRCs from China during the period of investigation.

20. On March 28, 2023, Commerce issued its Preliminary Scope Decision Memorandum, which declined to modify the scope to exclude FRCs attached to railcars. Dep't of Commerce, Preliminary Scope Decision Memorandum, *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China*, C-570-146 (Dep't of Commerce, Mar. 28, 2023) (Barcode 4358403-01).

21. On April 10, 2023, interested parties, including Wabtec, filed comments challenging Commerce's preliminary scope decision, arguing that Commerce erred by declining to modify the scope to exclude FRCs attached to railcars.

22. On March 30, 2023, Wabtec filed a case brief urging Commerce to terminate the investigation

|     | based on the termination of *FRC I*.  Wabtec explained that Section 751(b)(4) of the Tariff Act prohibits "review" of a final "determination"—affirmative or negative—within two years absent "good cause."  It also explained that Commerce has inherent authority to protect the finality of determinations by Commerce and the Commission in trade investigations.  Wabtec asked Commerce to terminate the investigation based on these authorities.  Wabtec noted that parties had raised similar points before the Commission, which concluded in its preliminary determination that "once Commerce initiates an investigation, as it has done here, the Commission has no authority to effectively stop the preliminary investigations as respondents essentially argue."  *Certain Freight Rail Couplers and Parts Thereof from China and Mexico*, Inv. Nos. 701-TA-682 and 731-TA-1592 (Preliminary), USITC Pub. 5387, at 38 (Nov. 2022).  The Commission thus took the view that Commerce alone decides whether a new investigation may be initiated under the particular circumstances presented here.  *See id.* |
|-----|---|
| 23. | On April 17, 2023, interested parties, including Wabtec, filed rebuttal comments in response to scope comments submitted by petitioner on April 10, 2023. |
| 24. | On May 15, 2023, Commerce issued a Final Scope Decision Memorandum, which again declined to modify the scope to exclude FRCs attached to railcars.  Dep't of Commerce, Final Scope Decision Memorandum, *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China*, C-570-146 (Dep't of Commerce, May 15, 2023) (Barcode 4377100-01).  Commerce found that "attachment to freight railcars does not turn freight rail couplers into a new article of commerce" and thus refused to exclude them from the scope.  *Final Scope Mem.*, at 8.  Among other things, Commerce found that "freight rail couplers are not substantially transformed into a distinct class or kind of merchandise when they are attached to a freight railcar," that "freight rail couplers are not directly attached to railcars," |

and that "couplers are not a permanent part of the railcar." *Id.* at 9–10; *see also id.* at 10 (concluding that "freight rail couplers are not permanently affixed to railcars and do not undergo further processing or physical changes when attached to or removed from railcars"). Commerce also rejected arguments raised by Wabtec and Amsted that Commerce lacked legal authority to include FRCs attached to railcars within the scope. *Id.* at 11–12. And, finally, Commerce found that the scope, to the extent it was limited to entries for consumption, was administrable. *Id.* at 14–17.

25. On May 15, 2023, Commerce issued its Issues and Decision Memorandum. *See* Dep't of Commerce, Issues and Decision Memorandum, *Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China*, C-570-146 (Dep't of Commerce, May 15, 2023) (Barcode 4377092-02). Commerce found that it had no basis to terminate the investigation based on *FRC I*. It interpreted Section 751(b)(4) of the Tariff Act as applicable only to "Reviews Based on Changed Circumstances" for completed investigations, which it determined did not include the investigation before it. *Id.* at 14. It also found that, once it initiates an investigation, Commerce has "no authority to terminate the investigation" absent a withdrawal of the petition. *Id.* at 14–15.

26. In its *Final Determination*, published on May 19, 2023, Commerce determined that countervailable subsidies are being provided to producers and exporters of FRCs from China during the period of investigation, January 1, 2022, through June 30, 2022. Commerce issued the *CVD Order*, which became effective on July 14, 2023.

## STATEMENT OF CLAIMS

27. The *Final Determination* is "unsupported by substantial evidence on the record, or otherwise not in accordance with law" as provided by 19 U.S.C. § 1516a(b)(1)(B)(i) for the following reasons:

7

## **COUNT I**

28. Paragraphs 1 to 27 are adopted and incorporated by reference.

29. Commerce's refusal to modify the scope to exclude FRCs attached to railcars, and the subsidiary findings and conclusions on which this decision rests, are unsupported by substantial evidence and otherwise not in accordance with law.

30. Among other errors, Commerce:

    a. improperly found that attachment to railcars does not turn FRCs into a new article of commerce;

    b. improperly treated the legally relevant inquiry as whether an FRC is a separate class or kind of merchandise from a *mounted* FRC, as opposed to a railcar;

    c. incorrectly found that an FRC is not substantially transformed or changed into a distinct class or kind of merchandise when integrated into a railcar;

    d. incorrectly found that FRCs are not directly or permanently attached to railcars;

    e. incorrectly found that it is common in the railcar industry for FRCs to be excluded from drawings and schematics of freight railcars;

    f. incorrectly applied the substantial transformation standard to the FRC itself, divorced from the substantial transformation effected by the incorporation of the FRC into the railcar;

    g. improperly concluded that it has legal authority to include mounted FRCs within the scope of the investigation and impose countervailing duties on the same;

    h. improperly found that it had legal authority to impose countervailing duties on mounted FRCs even though any alleged injury to petitioner due to mounted FRCs is not a cognizable injury in countervailing proceedings;

    i. improperly imposed countervailing duties on imports of merchandise, railcars, which it

  neither investigated nor reached an CVD determination for;

 j. incorrectly concluded that FRCs are not constituent components of a railcar; and

 k. improperly deferred to the intent of Petitioner in reaching its scope determination.

## COUNT II

31. Paragraphs 1 to 30 are adopted and incorporated by reference.

32. Commerce's refusal to modify the scope to exclude FRCs attached to railcars, and the subsidiary findings and conclusions on which this decision rests, are unsupported by substantial evidence and otherwise not in accordance with law.

33. Among other errors, Commerce improperly found that the scope language covering mounted FRCs was administrable.

## COUNT III

34. Paragraphs 1 to 33 are adopted and incorporated by reference.

35. Commerce's decision to initiate the investigation, and its subsequent refusal to terminate the investigation, in light of *FRC I*, and the subsidiary findings and conclusions on which these decisions rest, are unsupported by substantial evidence and otherwise not in accordance with law.

36. Section 751(b) of the Tariff Act provides that Commerce and the Commission "may not review" a prior negative determination within 24 months of its publication absent "good cause." 19 U.S.C. § 1675(b)(4).

37. Commerce also has inherent authority in administering the Tariff Act to preserve the integrity of prior decisions.

38. Among other errors, Commerce:

 a. improperly initiated this investigation despite the termination of *FRC I*;

 b. improperly construed section 751(b)(4) of the Tariff Act to apply only to reviews based on changed circumstances in completed investigations;

c. improperly found that section 751(b)(4) of the Tariff Act did not apply in this investigation;

d. failed to conclude that Petitioner sought a review or redetermination of prior decisions by Commerce and the Commission in *FRC I*; and

e. improperly concluded that it lacked authority under section 751(b)(4), and the inherent authority to administer the Tariff Act, to terminate the investigation based on *FRC I*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(a)     hold that Commerce's *Final Determination* was unsupported by substantial evidence and otherwise not in accordance with law;

(b)     hold that Commerce's Scope Determination was unsupported by substantial evidence and otherwise not in accordance with law;

(c)     remand the *Final Determination* with instructions for Commerce to issue a new determination that is consistent with this Court's decision; and

(d)     provide such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ David M. Morrell*
David M. Morrell
Ryan M. Proctor
Shelbie M. Rose

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
1.202.879.3636
dmorrell@jonesday.com

*Counsel for Wabtec Corporation*

Dated:  September 13, 2023

10

## CERTIFICATE OF SERVICE
*Wabtec v. United States,* Case No. 23-00161

I, Shelbie M. Rose, hereby certify that on September 13, 2023, I caused the attached Complaint to be served by certified mail or registered mail, return receipt requested, on the following parties and counsel:

| PARTY | REPRESENTATION |
|---|---|
| On Behalf of The United States | Attorney-In-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>Civil Division<br>**U.S. Department of Justice**<br>26 Federal Plaza<br>Room 346, Third Floor<br>New York, NY 10278<br><br>Supervising Attorney<br>Commercial Litigation Branch<br>Civil Division<br>**U.S. Department of Justice**<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |
| On Behalf of The United States Department of Commerce | General Counsel, Leslie B. Kiernan<br>**U.S. Department of Commerce**<br>Mail Stop 5875 HCHB<br>1401 Constitution Avenue, NW<br>Washington, DC 20230<br><br>Chief Counsel Robert Heilferty<br>**U.S. Department of Commerce**<br>Office of the Chief Counsel for Trade Enforcement and Compliance<br>International Trade Administration<br>1401 Constitution Ave., NW<br>Washington, DC 20230 |
| Coalition of Freight Coupler Producers | Daniel Pickard, Esq.<br>Buchanan Ingersoll & Rooney PC<br>1700 K Street NW<br>Washington DC 20006<br>daniel.pickard@bipc.com |

11

| | |
|---|---|
| Strato, Inc. | Andrew T. Schutz, Esq.<br>Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP<br>1201 New York Ave., NW, Suite 650<br>Washington, DC 20005<br>aschutz@gdlsk.com |
| Amsted Rail Company, Inc | Carolyn Connolly, Esq.<br>Faegre Drinker Biddle & Reath LLP<br>1500 K Street, N.W.<br>Washington, DC 20005<br>carolyn.bethea@faegredrinker.com |
| Embassy of the Peoples Republic of China | Yangfan Xie<br>Embassy of the Peoples Republic of China<br>Economic and Commercial Office<br>2133 Wisconsin Avenue, NW<br>Washington, DC 20007<br>xieyangfan@mofcom.gov.cn |

*/s/ Shelbie M. Rose*
Shelbie M. Rose
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
1.202.879.3652
srose@jonesday.com

*Counsel for Wabtec Corporation*